UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Derrick O. May,                )
                               )
        Petitioner,            )
                               )   Case: 1:15-cv-02216 (G Deck)
v.                             )   Assigned To : Unassigned
                               )   Assign. Date : 12/21/2015
United States of America,      )   Description: Habeas Corpus/2241
                               )
        Respondent.            )

MEMORANDUM OPINION

Petitioner is a prisoner incarcerated at the United States Penitentiary in Terre Haute, Indiana. He has submitted a "Motion to Vacate, Set Aside or Correct Sentence and Judgment Pursuant to D.C. Code § 23-110," in which he challenges a conviction entered by the Superior Court of the District of Columbia. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted). *See Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (explaining that "[i]n order to collaterally attack his sentence in an Article III court[,] a District of Columbia prisoner faces a hurdle that a federal prisoner does not"). The instant motion is the province of D.C. Superior Court. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998) (describing § 23-110 as "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence"); *Byrd*, 119 F.3d at 36-37 ("Since passage of the Court Reform Act [in

1

1970], . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court - the Superior Court - pursuant to D.C. Code § 23-110.").

Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). This local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Petitioner's claims of actual innocence, ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct are cognizable under D.C. Code § 23-110. *See, e.g., Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 123-25 (D.D.C. 2011). Hence, this case will be dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: December 18, 2015

/s/ Rosemary M. Collyer
United States District Judge

2